**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION LEMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION, THRIFTY PAYLESS, INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED (Lab.C. §§ 1194, 1194.2, 1197; IWC Wage Order No. 7, § 4(A));**<br><br>2. **FAILURE TO PAY OVERTIME WAGES (Lab.C. §§ 510, 1194; IWC Wage Order No. 7, § 3(A)(1));**<br><br>3. **FAILURE TO PROVIDE MEAL PERIODS (Lab.C. §§ 226.7, 512; IWC Wage Order No. 7, § 11);**<br><br>4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Lab.C. § 226);**<br><br>5. **WAITING TIME PENALTIES (Lab.C. §§ 201, 202, 203);**<br><br>6. **FAILURE TO PAY ALL WAGES DUE ON REGULARLY-SCHEDULED PAYDAYS (Lab.C. §§ 204 and 204b)**<br><br>7. **UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code § 17200, *et seq.*);**<br><br>8. **INJUNCTION** |

**Class Action Complaint**
*Lemons, et al. v. Rite Aid Corporation, Inc., et al.*                                                    **Case No.**

Marion Lemons ("Named Plaintiff") is informed and believes and thereupon alleges the following:

## I. INTRODUCTION

1. Named Plaintiff brings these claims, individually and as a class action under Federal Rule of Civil Procedure 23, against defendants Rite Aid Corporation ("Rite Aid") and Thrifty Payless, Inc. ("Thrifty") (Rite Aid and Thrifty together, "Defendants"). These claims are asserted by Named Plaintiff in her capacity as class action representative on behalf of all similarly situated persons (the "Class").

2. The Class consists of all individuals employed at any Rite Aid store in California as a non-exempt employee at any time during the Class Period. The Class Period is designated as the period from 4 years prior to the filing of this action through the trial date.

3. As used herein, "Plaintiffs" means Named Plaintiff and all members of the Class.

4. Plaintiffs have been injured by Defendants' failure to pay wages, including minimum wages, for all hours worked; failure to pay overtime wages; failure to provide lawful meal periods; failure to furnish accurate wage statements; failure to pay all wages due on regularly-scheduled paydays; failure to pay all wages due at termination of employment; and unfair and unlawful business practices as described herein.

5. For these injuries, Plaintiffs seek damages and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code §§ 201, 202, 203, 204, 204b, 226, 226.7, 510, 512, 1194, 1194.2, and 1197; IWC Wage Order No. 7, §§ 3(A)(1), 4(A), and 11; California Code of Civil Procedure § 1021.5; and California Business & Professions Code § 17200, *et seq*.

6. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

7. Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

## II. PARTIES

8. Defendant Rite Aid Corporation is a Delaware Corporation, registered to and

1   conducting business in California. Rite Aid operates retail stores throughout the United States, including approximately 550 stores in California.

9.  Defendant Thrifty Payless, Inc. is a California Corporation and is owned by defendant Rite Aid. Thrifty and Rite Aid operate all Rite Aid Stores in California.

10. Named Plaintiff Marion Lemons is a resident of Vallejo, California. Ms. Lemons was employed by Rite Aid from approximately April 1999 until approximately November of 2019. Ms. Lemons worked as a non-exempt retail employee at the Rite Aid store in Vallejo, California.

11. Plaintiffs are ignorant of the true names or capacities of Defendants named herein as Does 1 through 10, inclusive, and therefore sue these Defendants by these fictitious names. When the names and capacities of these Defendants are ascertained, Plaintiffs will amend this complaint accordingly. Each of the Defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

**III.  JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims asserted herein will exceed $5,000,000, and the parties to this action are residents of different states.

13. This Court has personal jurisdiction over Defendants because Defendants have significant contacts with California by virtue of their extensive business operations in California, and Defendants have purposefully availed themselves of the privileges and immunities of conducting business in California.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are subject to this Court's personal jurisdiction with respect to this civil action and therefore reside in this District pursuant to 28 U.S.C. § 1391(c)(2). Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(d) because Defendants have sufficient contacts in this District to establish personal jurisdiction in this District.

## IV.   GENERAL ALLEGATIONS

15.   During the Class Period, Defendants have operated approximately 550 stores in California. Plaintiffs are or were employed as non-exempt employees at Defendants' stores throughout California.

16.   At all times during the Class Period, Defendants have failed to pay Plaintiffs for all hours worked by requiring Plaintiffs to submit to mandatory searches of their persons and/or personal property and bags off the clock and without compensation. These searches are conducted by Defendants after Plaintiffs clock out each day. On average, these searches last approximately 5 minutes, but sometimes take up to 10 minutes or longer. Plaintiffs are also subjected to searches while they are clocked out for unpaid periods purported by Defendants to be meal periods. Plaintiffs remain under Defendants' direction and control during these searches. Plaintiffs are not permitted to record their time and are not paid compensation for these searches.

17.   Many of the hours for which Defendants have failed to compensate Plaintiffs by conducting security searches off the clock are hours worked over 40 hours in a week, over 8 hours in a day, and/or over 12 hours in a day. Accordingly, Plaintiffs are entitled to time and a half and/or double time pay for many of the hours for which Defendants failed to pay compensation.

18.   At all times during the Class Period, Defendants have failed to provide Plaintiffs with meal periods of not less than 30 minutes, uninterrupted and relieved of all duties. The mandatory security searches of Plaintiffs conducted by Defendants interrupt Plaintiffs' purported meal periods and result in meal periods of less than 30 minutes. Defendants do not pay Plaintiffs one hour of pay for each workday that Defendants fail to provide Plaintiffs meal periods, nor do they pay for the time during putative meal periods during which Plaintiffs are required to undergo security searches.

19.   At all times during the Class Period, Defendants have failed to provide Plaintiffs with accurate, itemized wage statements. The wage statements provided by Defendants fail to conform to California law because, *inter alia*, those wage statements do not display the total

hours worked and wages earned by Plaintiffs because Plaintiffs are not permitted to record all hours worked, as described herein.

20. At all times during the class period, Defendants have failed to pay Plaintiffs all wages due on regularly-scheduled paydays. Defendants fail to pay all wages due on regularly-scheduled paydays because Plaintiffs are not permitted to record the time during which they are subjected to security searches and are not paid for this time.

21. At all times during the Class Period, Defendants have failed to pay all wages due to those Plaintiffs who left their employment with Defendants or were fired by Defendants. During the Class Period, many Plaintiffs resigned from or were terminated by Defendants. Defendants willfully failed to pay said Plaintiffs all wages due upon termination or within 72 hours of said Plaintiffs' resignation. Defendants failed to pay said Plaintiffs all wages due upon termination or within 72 hours of said Plaintiffs' resignation because, *inter alia*, Plaintiffs are required to work off the clock and are not paid wages for this off-the-clock time, as alleged herein.

22. Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unfair and unlawful business practice in violation of California Business & Professions Code § 17200, *et seq.*

23. Named Plaintiff seeks to enjoin the Defendants' unlawful practices as described herein. Named Plaintiff has been injured in fact and has lost money and property as a result of these practices, and brings her claim for injunctive relief to prevent further harm to the public at large, which continues to face and suffer harm as a result of Defendants' practices. Named Plaintiff seeks preliminary and permanent injunctions to prohibit the Defendants' ongoing unlawful acts, which threaten future injury to the public.

## V. CLASS ACTION ALLEGATIONS

24. Named Plaintiff brings this action on behalf of herself and as a class action pursuant to Federal Rule of Civil Procedure 23.

25. The class that Named Plaintiff seeks to represent is defined as follows: All individuals employed at any Rite Aid store in California as a non-exempt employee at any time

1  during the Class Period.

2      26.    The claims alleged by Named Plaintiff may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because the requirements of that Rule are satisfied with respect to those claims.

### A. Numerosity

27.    The total number of members of the Class is believed to be in excess of 10,000 persons. Accordingly, joinder of all class members would be impractical.

### B. Commonality

28.    There are numerous questions of law and fact common to the Class. Such questions include, but are not limited to, the following:

    (1)    Whether Defendants, as a matter of common policy, failed to pay Plaintiffs wages, including minimum wages, for all hours worked;

    (2)    Whether Defendants, as a matter of common policy, failed to provide Plaintiffs with legally-sufficient meal periods;

    (3)    Whether Defendants' actions as described herein constitute violations of California Business and Professions Code § 17200, *et seq.*;

    (4)    The proper formula for calculating damages and restitution owed to Plaintiffs;

    (5)    Whether Defendants will, unless enjoined, continue the practices alleged herein; and

    (6)    The terms and conditions of the injunction to be issued against Defendants.

### C. Typicality

29.    Names Plaintiff's claims are typical of the claims of the Class. Named Plaintiff and all members of the proposed Class are or were subjected to the same policies and procedures, and their claims arise out of Defendants' common course of conduct and are based on the same legal and remedial theories.

/ / /

### D. Adequacy of Representation

30. Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. Named Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the Class.

### E. Propriety of Certification under FRCP 23(b)(3)

31. Questions of law and fact common to the Class, including the common questions described above, predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action. The identity of each member of the proposed Class can be established by uniform records maintained by Defendants.

32. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties. A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions. Further, class treatment is the only realistic means by which Plaintiffs can effectively litigate against large, well-represented corporate defendants like Defendants here. In the absence of a class action, Defendants will be unjustly enriched by the retention of the fruits and benefits of their unlawful conduct. A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

### F. Propriety of Certification under FRCP 23(b)(2)

33. Class certification is appropriate under FRCP 23(b)(2) because Defendants have

acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Class as a whole. The Class members are entitled to injunctive relief to end Defendants' common, uniform, and unfair policies and practices as described herein.

## VI.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure To Pay Wages for All Hours Worked**
**(California Labor Code §§ 1194, 1194.2, 1197;**
**IWC Wage Order No. 7, § 4(A))**

34. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

35. California law, including but not limited to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 7, § 4(A), requires employers, including Defendants, to pay wages to employees for all hours worked.

36. As alleged herein, Defendants failed to pay Plaintiffs wages, including minimum wages, for all hours worked.

37. As a direct and proximate result of Defendants' refusal to pay Plaintiffs wages for all hours worked, Plaintiffs have sustained damages, including loss of wages, in an amount in excess of the jurisdictional minimum of this Court.

38. Plaintiffs are, therefore, entitled to recover lost wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and, also, to recover interest, costs, and attorney's fees as provided by California law.

39. Additionally, Plaintiffs are entitled to recover liquidated damages pursuant to California Labor Code § 1194.2.

**SECOND CAUSE OF ACTION**
**Failure To Pay Overtime Compensation**
**(California Labor Code §§ 510, 1194; IWC Wage Order No. 7, § 3(A)(1))**

40. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

41. California law, including but not limited to California Labor Code §§ 510 and

1194, and IWC Wage Order No. 7, § 3(A)(1), requires employers, including Defendants, to pay employees one and a half times an employee's regular rate of pay for hours worked over 8 in a day, hours worked over 40 in a week, and the 1st 8 hours worked on the 7th consecutive day of work in a workweek; and to pay employees twice an employee's regular rate of pay for hours worked over 12 in a day, and hours worked over 8 on the 7th consecutive day of work in a workweek.

42. As alleged herein, Plaintiffs worked in excess of 8 hours per day, 40 hours per week, and/or on the 7th consecutive day of work in a workweek.

43. As alleged herein, Defendants did not pay Plaintiffs overtime compensation as required by California law.

44. As a direct and proximate result of Defendants' failure to pay overtime wages, Plaintiffs have sustained damages, including lost wages, in an amount according to proof at trial and in excess of the jurisdictional minimum of this Court.

45. Plaintiffs are, therefore, entitled to recover lost wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover interest, costs, and attorney's fees as provided by California law.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**(California Labor Code §§ 226.7 and 512; California IWC Wage Order No. 7, § 11)**

46. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

47. California law, including but not limited to California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7, § 11, requires employers, including Defendants, to provide employees a first meal period of not less than 30 minutes, uninterrupted and relieved of all duties, no later than the end of an employee's 5th hour of work. Additionally, California law, including but not limited to California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5, § 11, requires employers, including Defendants, to provide a second meal period of not less than 30 minutes, uninterrupted and relieved of all duties, no later than the end of an employee's 10th hour of work.

48. As alleged herein, Defendants failed to provide meal periods to Plaintiffs or to pay compensation in lieu thereof, in violation of California law.

49. As a direct and proximate result of Defendants' failure to provide Plaintiffs with meal periods or to pay compensation in lieu thereof, Plaintiffs have been injured and have sustained damages, including lost compensation for missed meal periods.

50. Plaintiffs are, therefore, entitled to recover lost compensation for missed meal periods in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover interest, costs, and attorney's fees as provided by California law.

**FOURTH CAUSE OF ACTION**
**Failure to Furnish Accurate Wage Statements**
**(California Labor Code § 226)**

51. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

52. California Law, including but not limited to California Labor Code § 226(a), requires employers, including Defendants, to furnish employees, at the time of payment of wages, accurate, itemized wage statements displaying, among other things, the total hours worked by the employee, gross and net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

53. As alleged herein, the wage statements provided to Plaintiffs by Defendants do not include the information required by California law, including but not limited to California Labor Code § 226(a).

54. Plaintiffs' ability to calculate unpaid and miscalculated overtime has been complicated by the absence of information required by Labor Code § 226(a) but missing from the wage statements provided by Defendants.

55. As a direct and proximate result of Defendants' failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and expense in attempting to reconstruct time and pay records.

56. As a direct and proximate result of Defendants' failure to provide Plaintiffs with

accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their statutorily protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

57. Defendants' failure to provide accurate, itemized wage statements to Plaintiffs is and was knowing and willful.

58. Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to California Labor Code § 226(e), in addition to costs and attorney's fees as provided by California law.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties**
**(California Labor Code §§ 201, 202, 203)**

59. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

60. California Labor Code §§ 201 and 202 require employers, including Defendants, to pay employees, upon the termination of employees' employment, all wages due within the time specified by those statutes.

61. California Labor Code § 203 provides that where an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

62. As alleged herein, all members of Plaintiff Class who have terminated or who will terminate their employment with Defendant at any time prior to entry of judgment in this case were not paid all wages owed to them at the time of termination of employment.

63. As a direct and proximate result of Defendants' failure to pay said Plaintiffs all wages when due upon termination of employment, said Plaintiffs have been injured in an amount to be proved at trial.

64. Accordingly, members of the Class who have terminated or who will terminate their employment with Defendants at any time prior to entry of judgment in this case are entitled to payment of thirty days' wages under California Labor Code § 203, and additionally

to interest, costs, and attorney's fees.

**SIXTH CAUSE OF ACTION**
**Failure to Pay all Wages Due on Regularly-Scheduled Paydays**
**(California Labor Code §§ 204 and 204b)**

65. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

66. California Labor Code §§ 204 and 204b require employers, including Defendants, to pay employees all wages due on regularly-scheduled paydays.

67. As alleged herein, Defendants have failed to pay Plaintiffs all wages due on regularly-scheduled paydays.

68. As a direct and proximate result of Defendants' failure to pay Plaintiffs all wages due on regularly-scheduled paydays, Plaintiffs have been injured in an amount to be proved at trial.

69. Plaintiffs are, therefore, entitled to recover lost wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover interest, costs, and attorney's fees as provided by California law.

**SEVENTH CAUSE OF ACTION**
**Restitution - Unfair Business Practices**
**(California Business & Professions Code § 17200, *et seq*.)**

70. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

71. Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair business practice in violation of California Business & Professions Code § 17200, *et seq*.

72. As a direct and proximate result of Defendants' prohibited unfair and unlawful business practices as alleged herein, Plaintiffs have been injured in an amount to be proved at trial.

73. Plaintiffs are entitled to restitution of all amounts which Defendants were obligated to provide to the members of the Class and which, through the unfair and unlawful practices alleged herein, Defendants did not pay to the members of Class.

74. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees according to law.

### EIGHTH CAUSE OF ACTION
### Injunction
### (California Business & Professions Code § 17200, *et seq*.)

75. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

76. Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair business practice in violation of California Business & Professions Code § 17200, et seq.

77. Plaintiffs have been harmed by Defendants' prohibited unfair and unlawful business practices as alleged herein.

78. Defendants have continued to engage in the unfair and illegal practices alleged herein through the present day.

79. Unless enjoined by this Court, Defendants will continue to engage in the unfair practices alleged herein.

80. Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that Defendants permanently cease and desist from engaging in the unfair practices alleged herein and, further, that this Court make such orders as are necessary to monitor Defendants' compliance with said injunction.

81. Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

## VII. PRAYER FOR RELIEF

Wherefore, Named Plaintiff, on behalf of herself and all Plaintiffs, prays for relief as follows:

1. That the Court certify this action as a class action on behalf of the Class pursuant to Federal Rule of Civil Procedure 23;

2. That the Court designate Named Plaintiff as the representative of the Class;

3. That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4. That Defendants be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

5. That Defendants, at their own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6. That this action and the Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;

7. That Defendants be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by Defendants pursuant to the California Labor Code, IWC Wage Order No. 7, and California Business and Professions Code § 17200, *et seq.*;

8. That, in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, Defendants be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

9. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10. That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein pending trial of this action, and requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding their compliance with said injunction, and requiring Defendants to pay all costs associated with said monitoring said injunction;

11. That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein, requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Defendants to pay all costs associated with monitoring said injunction;

12. For attorney's fees as provided by statutory and common law;

13. For costs of suit incurred; and

14.    For such other legal and equitable relief as the Court may deem just and proper.

Dated: May 6, 2020

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

*Carey A. James*

_____

Carey A. James
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Named Plaintiff, on behalf of herself and the Class, hereby demands a jury on all causes of action and claims with respect to which Plaintiffs have a right to jury trial.

Dated: May 6, 2020



*Carey A. James*
_____
Carey A. James
Attorneys for Plaintiffs